**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**CASE NO.: ******

LAFFAPALOOZA! LLC dba LAFFAPALOOZA! PRODUCTIONS,

Plaintiff,

v.

MARCUS JOSEPH KING, URBAN HOME ENTERTAINMENT, INC., TUBI, INC., APPLE INC. and DOES 1-10,

Defendants.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

## (INJUNCTIVE RELIEF DEMANDED)

Plaintiff LAFFAPALOOZA! LLC, dba LAFFAPALOOZA! ("Laffapalooza" or "Plaintiff"), by and through its undersigned counsel, for its Complaint against Marcus Joseph King ("King"), Urban Home Entertainment, Inc. ("UHE"), Tubi, Inc. ("Tubi") and Apple, Inc. ("Apple") (collectively, "Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

1. Laffapalooza owns all rights in and to the famous comedy series of the same name. It brings this action against King, who formerly worked with

Laffapalooza and has, without authorization, licensed and exploited the copyrighted works authored, produced, created, and owned entirely by Laffapalooza to Defendant Urban Home Entertainment, Inc., who in turn distributed those copyrighted works to other parties.

2. Laffapalooza seeks to put an immediate stop to, and to obtain redress for, Defendants' blatant and purposeful infringement of Laffapalooza's rights in and to the Works.

## JURISDICTION AND VENUE

3. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, et seq,

4. The Court has subject matter jurisdiction over this copyright action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over Defendant King because, among other things, King is an individual who does business in this judicial district and elsewhere, committed the acts of infringement complained of herein in this judicial district and elsewhere, and caused injury to Laffapalooza and Laffapalooza's intellectual property in this judicial district and elsewhere.

6. The Court has personal jurisdiction over UHE because, among other things, UHE is a Georgia corporation based in DeKalb County, Georgia, does

business in this judicial district and elsewhere, committed the acts of infringement complained of herein in this judicial district and elsewhere, and caused injury to Laffapalooza and Laffapalooza's intellectual property in this judicial district and elsewhere.

7. The Court has personal jurisdiction over Tubi because, among other things, Tubi provides services in this judicial district, has employees in this judicial district, made infringing content available in this judicial district, committed the acts of infringement complained of herein in this judicial district and elsewhere, and caused injury to Laffapalooza and Laffapalooza's intellectual property in this judicial district and elsewhere.

8. The Court has personal jurisdiction over Apple because, among other things, Apple is registered to do business in the State of Georgia, is doing business in this judicial district, made infringing content available in this judicial district, committed the acts of infringement complained of herein in this judicial district and elsewhere, and caused injury to Laffapalooza and Laffapalooza's intellectual property in this judicial district and elsewhere.

9. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or §1400(a).

## THE PARTIES

10. Laffapalooza a Georgia limited liability company based in Fulton County, Georgia.

11. King is an individual and Laffapalooza is informed and believes, and thereon alleges that King currently resides in Los Angeles County, California. King is a former member of Laffapalooza.

12. UHE is a Georgia corporation based in DeKalb County, Georgia. UHE claims to be a leading global distributor of entertainment content.

13. Tubi, Inc. is a Delaware corporation with its principal place of business in San Francisco, California. Tubi provides a streaming video platform that exhibits films, television programs and other creative works.

14. Apple, Inc. is a California corporation registered to do business and doing business in Georgia. Among other things, Apple and/or its wholly-owned subsidiaries own and operate Apple TV (formerly known as Apple TV+) and iTunes, which each distribute films, television programs and other creative works.

15. DOES 1-10, inclusive, are other parties not yet identified who have infringed Laffapalooza's copyrights, have contributed to the infringement of Laffapalooza's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to

Laffapalooza, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

16. Laffapalooza is informed and believes, and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Laffapalooza's rights and the damages to Laffapalooza proximately caused thereby.

## STATEMENT OF FACTS

### Laffapalooza's Copyrighted Motion Pictures

17. Laffapalooza's copyright infringement claim rests upon its exclusive rights in and to the Laffapalooza! video series, specifically Laffapalooza Volumes 1-9 and "Laffapalooza from Vegas") (collectively, the "Works"), and any derivative works based thereon.

18. Laffapalooza's creation of the Works, and Defendants' infringement of Laffapalooza's rights in and to the Works, is described in detail below.

19. Laffapalooza was formed in 2000 to create, produce, promote, and commercialize live comedy performances and other entertainment content. The company was established to provide a platform for emerging comedic talents. Over the years, through the participation of well-known comics such as Jamie Foxx, Cedric the Entertainer, Anthony Anderson, Tracey Morgan and others, Laffapalooza elevated the stature of the developing artists it showcased.

20. Over the years, Laffapalooza produced several multi-day entertainment festivals that attracted performers, industry executives, sponsors and audiences from both domestic and international markets. The Laffapalooza festivals featured live performances, talent showcases, competitions, educational seminars and other events.

21. In conjunction with these festivals, Laffapalooza created multiple motion pictures featuring some of the entertainment content from the Laffapalooza festivals. These motion pictures consisted primarily of standup comedy routines, and Laffapalooza produced both feature length motion pictures and shorter episodic series under the Laffapalooza brand name.

22. In 2003 Laffapalooza created the original motion picture “Jamie Foxx Presents Laffapalooza”, which consists of ten episodes, and which it registered with the Copyright Office in 2004 and again in 2005, and received the registration numbers PA 1-249-018 and PAu 2-914-196, respectively.

23. In 2004 Laffapalooza created the original motion picture "Jamie Foxx's Laffapalooza", which it registered with the Copyright Office in 2005, and received the registration number PA 2-958-112.

24. In 2005, Laffapalooza created "Jamie Foxx Presents Laffapalooza II", which it registered with the Copyright Office in 2006, and received the registration number PA 3-022-214.

25. In 2005 Laffapalooza also created "Jamie Foxx Presents Laffapalooza: Hour 3," as well as "Jamie Foxx Presents Laffapalooza: Hour 4," both of which it registered with the Copyright Office in 2006, and received the registration numbers PAu 3-095-033 and Pau 3-095-032, respectively.

26. In 2007 Laffapalooza created the original motion picture "Jamie Foxx Presents Laffa palooza 2007", which it registered with the Copyright Office in 2010, and received the registration number PA 1-657-332.

27. In 2008 Laffapalooza created the original motion picture "Laffapalooza (hosted by Tracy Morgan)", which it registered with the Copyright Office in 2008, and received the registration number PAu 3-368-545.

28. All of the foregoing motion pictures are collectively referred to as the "Works". Copies of the Certificates of Registration are attached hereto as **Exhibit 1.**

**Defendants Earn Millions of Dollars Using Laffapalooza's Works**

29. In late 2024, Laffapalooza discovered that the Works were being distributed on various platforms, including but not limited to Apple TV+, Tubi, Amazon Prime Video and Pluto TV. Laffapalooza did not authorize any of these distributors or platforms to exploit the Works.

30. Upon information and belief, Defendants have exploited Laffapalooza's Works without authorization continuously from 2004 to the present.

31. Upon information and belief, Defendants earn significant amounts of money in excess of seven figures per year as a result of their unauthorized exploitation of the Works.

**Agreement Between Defendant King and Defendant UHE**

32. In or about June 2023, King entered into a written agreement with UHE pursuant to which UHE agreed to distribute the Works on behalf of King (the "UHE Agreement"). Specifically, in the UHE Agreement, King purported to grant UHE "the exclusive right to license, distribute, sell, promote & market, and exploit the" Works.

33. Incredibly, King entered into the UHE Agreement in his own name, even though he knew that Laffapalooza owns all rights to the Works.

34. Laffapalooza was unaware of the UHE Agreement and did not know that Defendants were exploiting the Works in violation of Laffapalooza's copyright until December 2024.

**Defendants' Continued Exploitation of the Works Infringes Laffapalooza's Copyrights**

35. In August 2025, Laffapalooza, through counsel, (1) notified UHE that its exploitation of the Works infringed Laffapalooza's copyrights, (2) demanded that UHE stop exploiting the Works, (3) provide an accounting for UHE's exploitation of the Works, and (4) compensate Laffapalooza for infringing its copyrights.

36. UHE agreed to stop exploiting the Works, but refused to provide an accounting or compensation to Laffapalooza.

37. In or about December 2025, Laffapalooza, through counsel, (1) notified King that his exploitation of the Works infringed Laffapalooza's copyrights, (2) demanded that King stop exploiting the Works, (3) provide an accounting for King's exploitation of the Works, and (4) compensate Laffapalooza for infringing its copyrights.

38. In response, King claimed that he owned all rights to the Works, refused to stop exploiting them, refused to provide an accounting and refused to compensate Laffapalooza  Instead, King claimed he was represented by counsel,

which counsel failed and refused to respond to multiple inquiries from Laffapalooza.

39. Despite having no right to continue using the Works, upon information and belief Defendants continue to generate revenue by exploiting the Works without Laffapalooza's approval or consent.

40. In doing so, Defendants have infringed and continue to infringe upon Laffapalooza's copyrights.

**COUNT I**
**COPYRIGHT INFRINGEMENT**
**(17 U.S.C. §§ 106 and 501)**

41. Plaintiff Laffapalooza incorporates by reference paragraphs 1-40 as if fully set forth herein.

42. The Works are "Motion Pictures" within which copyright protection subsists. 17 U.S.C. § 102(a)(1).

43. Laffapalooza has a protected copyright interest in the Works, and thereby owns the exclusive right to, among other things, reproduce and/or distribute the Works. 17 U.S.C. § 106(1)-(3).

44. Through the conduct described herein – Defendants have infringed and continue to infringe Laffapalooza's copyrights in the Works in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

45. Defendants' acts of infringement are willful, intentional, and purposeful, in disregard of and with indifference to Laffapalooza's rights.

46. Laffapalooza has been harmed as a direct and proximate result of Defendants' infringements, and Laffapalooza is accordingly entitled to damages in an amount to be proven at trial.

47. Laffapalooza is also entitled to Defendants' profits attributable to their infringements pursuant to 17 U.S.C. § 504(b), including an accounting of, and a constructive trust with respect to, such profits.

48. In the alternative, Laffapalooza is entitled to statutory damages as a result of Defendants' infringement in an amount of up to $150,000 per infringement pursuant to 17 U.S.C. § 504(c).

49. Laffapalooza is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

50. As a direct and proximate result of the foregoing acts and conduct, Laffapalooza has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Laffapalooza is informed and believes, and on that basis avers, that unless enjoined and restrained by this Court, Defendants will continue to infringe Laffapalooza's rights in the Works. Laffapalooza is accordingly entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants continuing infringing conduct.

**COUNT II**
**DECLARATORY JUDGMENT**

51. Plaintiff Laffapalooza incorporates by reference paragraphs 1-40 as if fully set forth herein.

52. As set forth above, an actual dispute has arisen between Laffapalooza and King regarding the ownership of the copyright in and the ownership of the Works.

53. Accordingly, pursuant to 28 U.S.C. § 2201, Laffapalooza is entitled to a judgment declaring that it is the sole rightful owners in and to all right, title and interest in and to the Works, and that Defendants have no rights in and to the Works.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a jury trial pursuant to the 7th Amendment to the United States Constitution.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Laffapalooza prays for judgment against Defendants as follows:

A. For actual damages consisting of Laffapalooza's lost profits and Defendants' wrongful profits according to proof;

B. In the alternative, for statutory damages in an amount of up to $150,000 per work infringed or as otherwise permitted by law;

C. For an accounting of, and the imposition of a constructive trust with respect to, Defendants' profits attributable to its infringement of Plaintiff's copyright in the Works;

D. For a preliminary and permanent injunction prohibiting Defendants, their agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from continuing to infringe Laffapalooza's copyrights in the Works through the marketing, sale or other monetization, display, development, or distribution of the Works;

E. For pre- and post-judgment interest according to law;

F. For Laffapalooza's attorneys' fees, costs, and disbursements in this action; and

G. For such other and further relief as the Court may deem just and proper.

Dated: October 2, 2026

Respectfully submitted,

*/s/ Evan A. Andersen*
EVAN A. ANDERSEN
Bar Number: 377422

evan.andersen@sriplaw.com

**SRIPLAW, P. A.**
3355 Lenox Road NE
Suite 750
Atlanta, GA 30326
470.598.0800 – Telephone
561.404.4353 – Facsimile

and

Michael D. Steger (*Pro Hac Vice forthcoming)*
msteger@steger-law.com

**LAW OFFICES OF MICHAEL D. STEGER, PC**
30 Ramland Road
Suite 201
Orangeburg, NY 10962
845.359.4600 – Telephone

*Counsel for Plaintiff Laffapalooza! LLC dba Laffapalooza! Productions*